**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

_____

No. 08-20564
Summary Calendar
_____

MARTHA SCOTT, Individually, And as a Representative
of the Estate of David Scott; ESTATE OF DAVID SCOTT;
ROBIN DENISE BRYANT, Robin Denise Bryant as Next
Friend of ICS, a Minor and ALS, a Minor

Plaintiffs-Appellees

v.

RAUL VENEGAS, Deputy, in His Individual
Capacity

Defendants-Appellants

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
(4:06-CV-1436)

_____

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Raul Venegas, a Harris County, Texas deputy

sheriff, appeals the interlocutory ruling of the district court denying qualified

immunity to Venegas in his individual capacity in connection with claims

asserted pursuant to 28 U.S.C. § 1983 and grounded in alleged violations of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

the Fourteenth Amendment substantive Due Process rights of decedent David Scott, a pre-trial detainee who had been in the custody of Venegas. Plaintiffs have alleged that Venagas's delivery of Scott to an inmate processing center rather than to a hospital or other medical facility, constituted deliberate indifference to Scott's serious medical needs.

Adopting the recommendations of the magistrate judge in her Memorandum, Recommendation and Order, the district court denied qualified immunity to Venegas based on the existence of a dispute of material fact, described by the magistrate judge as "two significantly different versions of key persons of the event" as to the facts leading up to Scott's death, one version being that of Venegas and the other being that of EMS paramedic Kevin Traynor. Concluding that the "qualified immunity analysis [for Venegas] hangs in the balance of these critical fact disputes," the recommendations of the magistrate judge adopted by the district court convinces us that, indeed, one of the two widely divergent versions of the critical facts preceding Scott's death will ultimately determine entitlement of Venegas to qualified immunity. This quintessential dispute of material fact deprives us of appellate jurisdiction to review the district court's interlocutory denial of qualified immunity at this summary judgment stage of the

proceedings.[1]

Venagas's appeal of the district court's denial of qualified immunity is DISMISSED for lack of jurisdiction.

---

[1] *See, e.g., Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).